IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rachel M. G.,[1] | ) | Case No.: 8:22-cv-02226-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Commissioner Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin ("Report and Recommendation" or "Report"), pursuant to Local Civil Rule 83.VII.02 of the District of South Carolina. Plaintiff Rachel M. G. ("Plaintiff") brings this action pursuant to Section 405(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner"), denying Plaintiff's claim for Supplemental Security Income ("SSI").

Plaintiff filed an application for SSI in January 2020, alleging a disability onset beginning December 10, 2018. (DE 8-5, pp. 185-93.) The claim was denied initially and on reconsideration by the Social Security Administration. (DE 8-4, pp. 104–07, 112–15.) The Administrative Law Judge issued a decision on April 12, 2022, finding Plaintiff is not disabled within the meaning of the Social Security Act ("the Act"). (DE 8, 15-26.) Plaintiff requested Appeals Council review

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

of the ALJ's decision, but the Appeals Council declined review.  (DE 8-2, pp. 1-6.)  Plaintiff filed

this action for judicial review on July 12, 2022.  (DE 1.)

The Magistrate Judge issued the Report and Recommendation on July 13, 2023,

recommending that the Commissioner's decision be Reversed and Remanded.  (DE 13.)  The

Magistrate Judge makes only a recommendation to this Court.  The recommendation has no

presumptive weight, and the responsibility to make a final determination remains with the Court.

See Mathews v. Weber, 423 U.S. 261 (1976).  The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection

has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the

Magistrate Judge.  28 U.S.C. § 636(b)(l).  However, *de novo* review is unnecessary when a party

makes general and conclusory objections without directing a court's attention to a specific error

in the Magistrate Judge's proposed findings.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.

1982).  In the absence of a specific objection, the court reviews the report and recommendation

only for clear error.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th

Cir. 2005) (citation omitted); see also Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003) ("A

general objection to the entirety of the magistrate judge's report is tantamount to a failure to

object.").

Neither party filed an objection to the Report and Recommendation.  Upon review of the

Report and the record in this case, the Court finds that there is no clear error on the face of the

record, and therefore, the Court adopts the Report and Recommendation and incorporates it herein

by reference, and it is hereby **ORDERED** that the Commissioner's decision is **REVERSED**

pursuant to sentence four of 42 U.S.C. § 405(g), and the case is **REMANDED** to the

Commissioner for further administrative action.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

August 10, 2023
Florence, South Carolina